Filed 6/4/21  P. v. Mathis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

WILLIAM HENRY MATHIS III,

    Defendant and Appellant.

E074933

(Super.Ct.No. CR50362)

OPINION

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Banta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A.

1

Swenson, Felicity Senoski and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

In 1994, defendant and appellant William Henry Mathis III was convicted of first degree felony murder, the jury found true a robbery-murder special circumstance allegation, and the trial court sentenced him to life without the possibility of parole; in 1996, this court affirmed the judgment. (*People v. Mathis* (July 30, 1996, E015611) [nonpub. opn.] (*Mathis*).) In 2019, defendant petitioned for resentencing pursuant to Penal Code[1] section 1170.95 (Stats. 2018, ch. 1015, § 4), a statute recently enacted by Senate Bill No. 1437 (2017-2018 Reg. Sess.).[2] The trial court granted a motion to dismiss the petition, finding that defendant was not eligible for relief because he was a major participant in the felony murder and acted with reckless indifference to human life during its commission. We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

[2] "Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) . . . [S]ection 1170.95 . . . provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2-4.)" (*People v. Larios* (2019) 42 Cal.App.5th 956, 964, review granted Feb. 26, 2020, S259983.)

## I. PROCEDURAL BACKGROUND AND FACTS[3]

In the process of robbing a video store in June 1993, defendant and a codefendant shot and killed the clerk. According to a customer, the two were in the store when he left around 9:48 p.m. The clerk's friend arrived at the store a little after 10:00 p.m. and heard a "pop." She saw defendant standing behind the counter and the codefendant standing in the doorway to the storeroom. As she walked toward the counter, the two men left through the back door. The friend found the clerk lying on the bathroom floor in the back area of the store and called 911 around 10:15 p.m. The clerk died as the result of three gunshot wounds to the head. (*Mathis*, *supra*, E015611.)

Defendant and his codefendant were apprehended in the early morning hours the next day, and gunshot residue samples were taken from their hands. The tests on swabs taken from defendant were inconclusive; however, residue from the gloves found in his back pants pocket was consistent with someone having worn those gloves while firing a gun or handling a recently fired gun. Defendant and his codefendant went to the video store with the "tools" to commit a robbery—a pillowcase to carry the money, gloves to conceal fingerprints, and a gun to scare or, if necessary, kill the store clerk. (*Mathis*, *supra*, E015611.)

---

[3] The underlying facts of defendant's murder conviction are not relevant to our analysis, so we recount them briefly, taking them from our nonpublished opinion in defendant's direct appeal, *Mathis*, *supra*, E015611. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598 [In determining the sufficiency of a section 1170.95 petition, the court may review the record of conviction, which includes the opinion in a defendant's direct appeal.].)

Defendant was convicted of first degree murder (§ 187, subd. (a)), and the jury also found true the robbery-murder special circumstance (former § 190.2, subd. (a)(17)(i); see current § 190.2, subd. (a)(17)(A)), as well as an allegation that a principal in the robbery was armed with a firearm (§ 12022, subd. (a)(1)). Defendant appealed from his conviction contending, inter alia, the evidence was insufficient to support the jury's true finding on the robbery-murder special circumstance allegation. (*Mathis*, *supra*, E015611.) We concluded the evidence was sufficient to support the finding because the evidence supported a finding that both defendant and his codefendant shot the clerk and, therefore, both were the actual killers. (*Mathis*, *supra*, E015611.) We explained, in part: "From the noted evidence, the jury could have found that [defendant] was wearing the gloves when he shot [the clerk] which is why the [gun residue] on his hands [was] inconclusive. The evidence indicates there [were] approximately 5 to 10 minutes unaccounted for [in which] each defendant could have fired some of the shots that killed [the clerk] and, thus, both were the actual killers." (*Mathis*, *supra*, E015611.) Defendant filed habeas corpus petitions raising the same issue, all of which were denied.

On January 8, 2019, defendant filed a petition, in propria persona, for resentencing under section 1170.95. Counsel was appointed for him. The prosecution moved to dismiss on the grounds defendant "was convicted of murder, with a felony murder special circumstance [found] true; also sentenced LWOP in 1994. [¶] And although the jury instructions are not in imaging, the law was very clear in 1994, that, in order to find that

4

special circumstance true for at least a non-killer, the jury would have had to find that the defendant was a major participant, acting with reckless indifference." Defense counsel objected "for the record" and submitted. The trial court granted the motion to dismiss the petition for the reasons stated by the prosecution.[4]

## II. DISCUSSION

Defendant contends the trial court erred by ruling that the jury's finding on the special circumstance conclusively established that he was not eligible for resentencing. He argues that the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) significantly narrowed the definition of both "'major participant'" and "'reckless indifference to human life,'" so that the jury's pre-*Banks* and *Clark* true findings do not establish that he comes within that definition.

Recently, however, in *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854,[5] this court rejected an identical contention. (*Id.* at

---

[4] We note the February 28, 2020 minute order reads, "Petition denied." However, after the prosecutor made a "motion to dismiss" the petition, the court stated: "The motion to dismiss is granted." The court's oral ruling prevails over the discrepant minute order. (*People v. Hartley* (2016) 248 Cal.App.4th 620, 637 ["When there is a discrepancy between the record of the court's oral pronouncement of judgment and the clerk's minute order, the oral pronouncement controls."].)

[5] Review was granted pending consideration and disposition of a related issue. (*People v. Lewis* (Mar. 18, 2020, S260598) [2020 Cal. Lexis 1946] ["May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?].")

pp. 482-485.)  We held that "[a] petitioner with a pre-*Banks/Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks/Clark* finding.  This is because *Banks* and *Clark* did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations under section 190.2, subdivision (d)." (*Id*. at p. 482.)  Therefore, "a special circumstance finding under section 190.2, subdivision (d) [renders a petitioner ineligible] for relief under section 1170.95 as a matter of law.  This is because a jury has already found them to have satisfied the new definition of felony murder under amended section 189.  Although they were not the actual killer, a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life." (*Id*. at p. 482.)

We readily acknowledge that (1) there is a split of authority on whether a defendant must first seek relief under *Banks/Clark* through a habeas petition before filing a section 1170.95 petition (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-483), and (2) the issue of whether a felony-murder special circumstance finding under section 190.2, subdivision (a)(17), made before *Banks* and *Clark* precludes a defendant from making a prima facie showing of eligibility for relief under section 1170.95 is currently pending before the Supreme Court.  (*People v. Strong* (Mar. 10, 2021, S266606) [2021 Cal. Lexis

6

1701].)  Unless and until the Supreme Court tells us otherwise, we adhere to our opinion in *Jones*.  (Cal. Rules of Court, rule 8.1115(e).)[6]

Furthermore, "in the wake of *Banks* and *Clark*, no mandatory language was added to the CALCRIM instructions on special circumstances under section 190.2, subdivision (d).  Optional language describing the *Banks* and *Clark* factors was added.  (CALCRIM No. 703.)  . . .  [¶]  [However,] the optional language that was added to the CALCRIM instructions in light of *Banks* and *Clark* does not require the jury to consider any additional questions or resolve any additional issues.  As to reckless indifference, the optional language states, 'When you decide whether the defendant acted with reckless indifference to human life, consider all the evidence.  No one of the following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant acted with reckless indifference to human life.  Among the factors you may consider are,' followed by a list of the factors identified in *Clark*.  (CALCRIM No. 703.)  The optional language concerning major participant is identical.  The only requirement imposed on the jurors is that they consider all the evidence.  Everything else is optional (the jury 'may' consider the listed factors, among others).  (CALCRIM No. 703.)  [¶]  . . .  The issues

---

[6] Earlier, in *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490, we held:  "[T]he trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief [under section 1170.95] . . . ."  (*Id*. at p. 825.)  Nonetheless, we concluded the error was harmless because the record of the defendant's conviction demonstrated he was an active participant and acted with reckless disregard to human life.  (*Ibid*.)  To the extent *Law* held that a superior court considering a petition under section 1170.95 may not conclude as a matter of law that the petitioner is ineligible for relief based on the jury's true finding on a special circumstance allegation under section 190.2, subdivision (d), that decision is inconsistent with *Jones*.  We agree with the analysis in *Jones*.

resolved and questions answered by juries before and after *Banks* and *Clark* will be exactly the same." (*Jones*, *supra*, 56 Cal.App5th at pp. 486-487 (conc. opn. of Menetrez, J.).)

As we suggested in *Jones*, *supra*, 56 Cal.App.5th at pages 478-479, a person in defendant's position is not wholly without a remedy. He or she may challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) We express no opinion as to whether in defendant's case there might be some procedural bar to such a proceeding at this point.

We therefore conclude the trial court properly dismissed defendant's section 1170.95 petition.

As a result, we conclude defendant's counsel was not ineffective for failing to reference *Banks* and *Clark* in the written reply or for only objecting "for the record" and submitting at the hearing on the petition. Given our conclusion that defendant was not entitled to relief under section 1170.95 as a matter of law, it is not reasonably probable that defendant would have received a more favorable outcome had his counsel referenced *Banks* and *Clark* in the written reply or argued differently at the hearing. (See *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218 [ineffective assistance of counsel claim requires the defendant to "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'"].)

8

## III.  DISPOSITION

The order dismissing defendant's section 1170.95 petition without a hearing is affirmed.  The superior court clerk is directed to correct the February 28, 2020 minute order to reflect the petition was dismissed, instead of denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                                                             J.

We concur:


RAMIREZ
              P.J.


MENETREZ
              J.

9